IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Emily Peters,  )   C. A. No. 2:09-0272-JFA-RSC
            )
      Plaintiff,  )
            )
-versus-    )   **REPORT AND RECOMMENDATION**
            )
Michael J. Astrue, )
Commissioner of Social )
Security,   )
            )
      Defendant.  )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Emily Peters, brought this action pursuant to Sections 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying supplemental security income benefits under Title XVI of the Social Security Act, respectively.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed application for supplemental security income benefits on July 25, 2005, alleging that she became disabled on June 1, 1999, due to osteoporosis, osteopenia, attention deficit hyperactivity disorder (ADHD), and tachycardian with syncope. The application was denied initially and on reconsideration by the Social Security Administration. On June

8, 2006, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared on October 19, 2007, with counsel, and Dr. Kathleen Robbins, a vocational expert, considered the case de novo. (Tr. 424-466). On March 25, 2008, the administrative law judge found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. (Tr. 17-29). The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on December 18, 2008.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> 1. The claimant has not engaged in substantial gainful activity since July 25, 2005, the application date (20 CFR 416.920(b) and 416.971 et seq.).
>
> 2. The claimant has the following severe combination of impairments: osteopenia/ osteoporosis, borderline intellectual functioning, history of attention deficit hyperactivity disorder, and tachycardia (20 CFR 416.920(c)). ...
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). ...
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently, and sit, stand, or walk for six hours in an eight-hour workday. She can climb stairs or ramp, balance, kneel, and crouch on a frequent basis. Stooping

2

and crouching are limited to an occasional basis. She can not climb ladders, ropes or scaffolds because of history of tachycardia. She has no limitations in her ability to perform tasks requiring pushing or pulling with her upper or lower extremities. She has no manipulative, visual, communicative, or environmental limitations. She can understand and carry out simple, repetitive tasks such as unskilled non-production work. ...

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on January 3, 1987, and was 18 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966). ...

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 25, 2005, the date the application was filed (20 CFR 416.920(g)).

Tr. 19-28.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that supplemental security income (SSI) disability benefits shall be available for aged, blind, and disabled persons who have income and resources below a

specific amount. 42 U.S.C. § 1381 et seq.; 20 C.F.R. § 416.110.

The standard for determining eligibility for SSI disability benefits consists of a two-fold test. The claimant must show a medically determinable physical or mental impairment, and the impairment must be such as to render the claimant unable to engage in substantial gainful employment. Walker v. Harris, 642 F.2d 712 (4th Cir. 1981) (citing Blalock v. Richardson, 438 F.2d 773 (4th Cir. 1972)); 42 U.S.C. § 423(d); 20 C.F.R. § 404.1501(b).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

4

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). However, if there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## ARGUMENTS PRESENTED

By brief the plaintiff asserted that:

1. The administrative law judge overstated the plaintiff's activities of daily living to show that she could perform medium work.

2. The administrative law judge failed to accord proper weight to both treating and examining medical specialists, Drs. Murdock, Knaus, Hatton and substituted his own findings which are not supported by substantial evidence.

3. The administrative law judge failed to consider all of the plaintiff's impairments, specifically, her tachycardia which produces syncope as reported by Dr. Steinhoff.

4. The Appeals Council did not explicitly consider the new evidence from Drs. Ruffing and Landon so the court should remand

the action to allow the administrative law judge to consider the new evidence.

## DISCUSSION

At the time of the administrative decision, the plaintiff was a 20 year old single mother with severe osteoporosis, mental limitations and psychological impairments apparently since childhood. She had a high school equivalency degree from a highly structured, special education program and had no prior work experience except some school training in office work. Intuitively, a claim for disability by one so young must be regarded closely because younger individuals are generally regarded as able to make work adjustments to accommodate functional limitations. 20 C.F.R. § 404.1563(c).

However here the administrative law judge's decision is so rife with error, unsupported or unjustified conclusions, and unusual rationale, that one is left with the impression that the administrative law judge failed to give this plaintiff's claim a full and fair evaluation and the matter must be remanded to another administrative law judge to properly consider the plaintiff's claim.

## FUNCTIONAL CAPACITY

An essential element of the administrative law judge's opinion and a finding about which the Commissioner bears the burden of proof is the finding that the plaintiff can perform the

6

lifting and carrying components of medium work; that is lifting and carrying 50 pounds occasionally and 25 pounds frequently. (Tr. 28).

The evidence to support that conclusion is insubstantial.

The plaintiff testified at the administrative hearing that she could not bend down and pick-up her ten pound baby, and she could not hold her for a long time. She indicated that her sister and mother cared for the baby 3/4ths of the time. (Tr. 441-443).

The medical evidence concerning the plaintiff's residual functional capacity in this regard consists of opinions from two non-examining consultants employed by the commissioner. One, Dr. Robert L. Steele, board certified in obstetrics and gynecology, opined on November 14, 2005, that the plaintiff was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently. (Tr. 205). He reconfirmed that opinion on January 13, 2006. (Tr. 212). The other, a medical consultant of unknown qualifications, Albert Ponterio, opined on April 10, 2006, that the plaintiff could lift and carry 50 pounds occasionally and 24 pounds frequently. (Tr. 232). There is no indication what evidence was before these consultants.

Based upon this record the administrative law judge reasoned,

> ". . . She states that she cannot pick up her baby who weighs 10 pounds because of lifting restrictions resulting from osteoporosis. She states that physical activities are none. All physical activity causes pain in her hips, back, and shoulders. She depends on her mother and sister to care for her baby 3/4 of the time.
>
> Although the claimant initially testified she can not lift and carry her infant baby because of limitations from osteoporosis and she does no physical activity, she testified that she gets up with her baby and feeds her at 5am and bathes, dresses and changes her diaper. Presumably, the claimant lifts her child out of her crib to give her bottle when everyone else in the household is asleep."

(Tr. 24-25).

No further rationale is given concerning the finding that the plaintiff can lift 50 pounds occasionally and carry 25 pounds frequently.

In making findings of fact, the administrative law judge is not held to a high standard. His conclusion, as adopted by the Commissioner, must be upheld as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

8

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). This however is not a "some evidence" standard, and "a non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record." Martin v. Secretary of Health, Education and Welfare, 492 F.2d 905, 908 (4th Cir.1974); see also, Hayes v. Gardner, 376 F.2d 517 at 520-21 (4th Cir. 1967).

Here the administrative law judge has denied benefits finding that the plaintiff can perform work in the national economy that would require lifting and carrying 50 pounds occasionally and 25 pounds frequently. There simply is not substantial evidence in the record or referenced by the administrative law judge to support such a conclusion and harsh result.

### TREATING PHYSICIANS OPINIONS

Doctors C. Bruce Murdock and Ronald Knaus opined that the plaintiff is disabled or unable to work.

Doctor Murdock evaluated the plaintiff as a child in 2004 and following her pregnancy in 2007. The test results were unchanged and revealed a T-score of -3.5 substantiating the existence of osteoporosis. Dr. Murdock concluded, "I am concerned that she has such severe osteoporosis given her young

9

age with past history of multiple fractures, even after minimal trauma." (Tr. 366).

Doctor Ronald Knaus examined the plaintiff concerning emotional disorders and diagnosed post traumatic stress disorder secondary to physical abuse by father or possible bipolar disorder versus attention deficit hyperactivity disorder. Dr. Knaus' treatment notes from December 2001 to October 2005 are of record. (Tr. 181-177). Psychological evaluation obtained by the Commissioner from a licensed psychologist, Dr. B. J. Hatton, Ph.D., revealed a full scale IQ of 75 and a Current Global Assessment of Functioning (GAF) equal to 55-60. The diagnostic impression confirmed the diagnosis of Dr. Knaus and added "Borderline Intellectual Functioning." (Tr. 190-195). Finally in his prognosis and capability statement Dr. Hatton opined, "The prognosis for Emily's ability to maintain in a competitive work situation at this point is certainly guarded. She is functioning below average intellectually and will continue to need a special education curriculum . . . She does not appear to have the judgment, insight or cognitive ability to manage her own benefits." (Tr. 195).

In October 2007, Dr. Knaus added, "It is most probable that in any work setting, she would require structure beyond any normal workplace accommodations. She would require close supervision in a very low stress environment. Competitive, full-

time employment would most probably cause her to decompensate psychologically." (Tr. 367).

The administrative law judge discounted these medical findings stating, "I note that other than Dr. Murdock and Ronald Kraus, P.A. , D.O., no treating or examining source has stated that the claimant is disabled or unable to work." (Tr. 26). He goes on, however, "Dr. Murdock's and Dr. Knaus' statement that the claimant is disabled are opinions about an issue reserved to the Commissioner and are not entitled to controlling weight or special significance. However, the opinions may not be ignored. In this case, neither Dr. Murdock nor Dr. Knaus provided a reasonable basis for their opinions. . . treatment records of Dr. Knaus are void of an underlying condition that would reasonably cause the claimant to 'decompensate' if she was placed in a competitive, full-time work environment (Exhibits 4F and 23F)." (Tr. 27).

These conclusory statements by the administrative law judge unrelated to the plaintiff's condition and attacking Doctor Knaus' opinion are inaccurate and unsupported by medical evidence. For example, Exhibit 4F referenced by the administrative law judge as failing to support issues of decompensation includes the following notations on just one page, "Jun 11, 2002 School probs. depression, mood swings, . . . 10/6/05 Pt. in crisis. Pt was arrested last week at school. Pt.

alleges that someone put a knife in her purse. Worked at not panicking." (Tr. 170).

With regard to Dr. Murdock the administrative law judge complains about a report containing check boxes and characterizes the doctor's opinion as inconsistent with his physical findings. The administrative law judge does nothing to resolve this perceived internal discrepancy and concludes candidly, "I find Dr. Murdock's and Knaus's opinions are not entitled to controlling weight and do not support my conclusions." (Tr. 27).

While the administrative law judge is quick to assert the administrative prerogative to make the ultimate decision, he fails to follow the regulations. Most notably the administrative law judge fails to cite substantial medical evidence to support his conclusions and makes no attempt to comply with the regulations regarding opinions of treating physicians.

The opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case. See, 20 C.F.R. § 416.927(d)(2) (2006); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). However, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. These are administrative findings reserved for the Commissioner's

determination. SSR 96-2p. Furthermore, even if the plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The regulations provide that even if an administrative law judge determines that a treating physician's opinion is not entitled to controlling weight, he still must consider the weight given to the physician's opinion by applying five factors: (1) the length of the treatment relationship and the frequency of the examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2)-(5).

The administrative law judge's decision regarding the opinions of Drs. Murdock and Knaus stops at determining the opinions are not entitled to controlling weight. That conclusion is not supported by substantial evidence and fails to fully and fairly weigh the physicians' opinions even if they are not entitled to controlling weight.

## OTHER ISSUES

By brief the plaintiff also raises the following issues: The administrative law judge failed to consider all of the

13

plaintiff's impairments, specifically, her tachycardia which produces syncope as reported by Dr. Steinhoff.

The Appeals Council did not explicitly consider the new evidence from Drs. Ruffing and Landon so the court should remand the action to allow the administrative law judge to consider the new evidence.

These issues should be addressed by the Commissioner on remand. It will be necessary for the Commissioner to consider the plaintiff's tachycardia, to the extent it is established, in conjunction with the above issues. The new evidence referenced by the plaintiff is not in the record currently before the court, and the plaintiff may seek permission to introduce it on remand.

## CONCLUSION

Inasmuch as the decision of the administrative law judge as adopted by the Commissioner is not supported by substantial evidence and improperly treats the opinions of treating physicians, this matter must be remanded to the Commissioner for reconsideration of the plaintiff's application.

Accordingly, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be

reversed, under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case be remanded to the Commissioner for consideration of the new evidence, a proper determination of the plaintiff's residual functional capacity, and continuation of the sequential evaluation process if necessary. See, <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991).

                                              Respectfully Submitted,

                                              Robert S. Carr
                                              United States Magistrate Judge

Charleston, South Carolina
October 29, 2009